**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 02-CR-135-TCK |
| | ) | (05-CV-80-TCK) |
| TIM FOREMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is defendant Tim Foreman's pro se motion seeking to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 (Dkt. # 149) and defendant's motion to time-bar government's response (Dkt. # 163). The government's response was filed two days beyond the extension of time granted by the Court. Having reviewed the record and failing to find prejudice to the defendant by the government's late filing, the Court hereby sua sponte grants leave for the government's response to be filed out-of-time. Accordingly, Defendant's motion to time-bar the government's response shall be denied.

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States . . . or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (a).

**Background**

On December 4, 2002, Tim Foreman, Jeremy Foreman, and William Ward were named in an eight-count Indictment charging conspiracy, armed bank robbery, use of a firearm and carjacking. (Dkt.# 10). On December 6, 2002, a sixteen-count Superceding Indictment was issued against the

same three defendants, with the addition of eight felony counts against Tim Foreman.[1] Tim Foreman was charged as follows: Count One, conspiracy to commit armed bank robbery, carjacking and use of a firearm in violation of 18 U.S.C. § 371; Count Two, aiding and abetting armed robbery in violation of 18 U.S.C. § 2; Count Three, aiding and abetting the use of a firearm during the armed robbery in violation of 18 U.S.C. § 2; Count Four, aiding and abetting the carjacking of a Dodge Neon in violation of 18 U.S.C. § 2; Count Five, aiding and abetting the use of a firearm during the carjacking of the Dodge Neon in violation of 18 U.S.C. § 2; Count Six, aiding and abetting the carjacking of a Chevy truck in violation of 18 U.S.C. § 2; Count Seven, aiding and abetting the use of a firearm during the carjacking of the Chevy truck in violation of 18 U.S.C. § 2; Counts Nine, Ten, Twelve and Thirteen, tampering with a witness in violation of 18 U.S.C. § 1512; Counts Eleven and Fifteen, retaliating against a witness in violation of 18 U.S.C. § 1513; and Counts Fourteen and Sixteen, obstruction of justice in violation of 18 U.S.C. § 1503 (Dkt. # 64).

Defendant Foreman recruited his son Jeremy Foreman and a friend William Ward to rob Arvest Bank located in Kansas, Oklahoma, on September 12, 2002. Following a scheme devised by Tim Foreman, Jeremy drove Ward to Arvest Bank and assumed look-out duties prior to Ward committing the robbery. Meanwhile, Ward entered the bank and at gun-point demanded money from the teller and demanded her car keys, to later steal her car for his get-away. Ward left the bank, but unable to locate the teller's car from inaccurate information, aimed his firearm at a bank

---

[1] On December 11, 2002, co-defendant Jeremy Foreman pled guilty to Count Eight of the Indictment (Dkt. # 62) and was later sentenced to 66 months imprisonment, followed by three years supervised release and ordered to pay restitution jointly and severally with co-defendants in the amount of $53,480 (Dkt. # 116). On December 11, 2002, co-defendant William Ward pled guilty to Counts Two and Seven of the Indictment (Dkt. # 63) and was later sentenced to 204 months imprisonment, followed by five years supervised release and ordered to pay restitution jointly and severally with co-defendants in the amount of $53,480 (Dkt. # 117).

customer in a truck and seized his truck to flee the scene. According to the plan, Ward joined Tim and Jeremy Foreman on property owned by Jeremy to split the $78,000 proceeds from the robbery. After his arrest, Foreman made numerous telephone calls from the county jail in an effort to influence the testimony of potential witnesses and to destroy or conceal evidence against him.[2]

Attorney Frank Lockhart, a member of the Criminal Justice Act ("CJA") panel, was appointed to represent Foreman at trial and on appeal (Dkt. # 87). After being found guilty by a jury on all counts charged against him, Foreman was sentenced to 894 months imprisonment, followed by five years supervised release, and ordered to pay restitution jointly and severally with his co-defendants in the amount of $53,480.[3] Foreman's sentence was also enhanced by two-levels pursuant to United States Sentencing Guideline ("U.S.S.G.") § 3B1.1(c) for his leadership role in the offense in planning the robbery and the carjacking, and in directing the actions of his co-defendants. (Presentence Report, dated May 4, 2003, at 17). The Tenth Circuit affirmed Foreman's

---

[2] On October 15, 2002, Foreman threatened Ward with bodily harm or death to prevent his testimony. On October 21, 2002, Foreman telephoned his mother directing her to conceal evidence. On October 20 and 23, 2002, Foreman telephoned his wife directing her to destroy evidence. Foreman attempted to pay Rick Carriger to arrange for a false alibi. Foreman attempted to pay a jail inmate to do bodily harm to Ward if he testified and he agreed to pay another inmate $5,000 to kill Ward's wife to prevent her testimony. These are the charges which supported Foreman's conviction on Counts Nine through Sixteen of the Superceding Indictment. (Presentence Report dated May 4, 2003, at 7-8).

[3] Specifically, Foreman was sentenced to 210 months imprisonment as to Counts One, Two, Four, Six and Nine through Sixteen; 84 months of imprisonment as to Count Three; and 300 months imprisonment as to Counts Five and Seven. The term of imprisonment as to Counts One, Two, Four, Six and Nine through Sixteen run concurrent with each other. The term of imprisonment as to Counts Three, Five and Seven is mandated by statute to run consecutive to each other and consecutive to Counts One, Two, Four, Six and Nine through Sixteen. (Dkt. # 130).

conviction and sentence on January 21, 2004.[4]  United States v. Foreman, 87 Fed.Appx. 107, 108 (10th Cir. 2004) (unpublished).  Foreman did not file a petition for writ of certiorari.  Foreman's conviction became final ninety-days later, on April 20, 2004, when his time to file a petition for certiorari expired.  See, Clay v. United States, 537 U.S. 522, 527 (2003).

Foreman filed this instant motion on February 7, 2005.  This is Foreman's first § 2255 motion.  The Court finds that Foreman's motion is timely and that it has jurisdiction to proceed to determine the merits.

## Issues Raised

In his § 2255 motion, Foreman raises the following issues:

(1)   Ineffective assistance of trial counsel for failing to object to government's failure to prove that the Arvest Bank was insured by the FDIC, an essential element of proof and the basis of federal court jurisdiction.  And, ineffective assistance of appellate counsel for failing to raise this issue on appeal.

(2)   Ineffective assistance of trial counsel for failing to object that the Superceding Indictment is defective on its face for failing to identify the subsection within 18 U.S.C. § 2119 which defendant was accused of violating.  And, ineffective assistance of appellate counsel for failing to raise this issue on appeal.

(3)   Ineffective assistance of trial counsel for not objecting to a showing of prejudice and a violation of the double jeopardy clause by the Court sentencing Foreman concurrently to a term of imprisonment on the armed robbery offense and on the lesser included offense of robbery.

(4)   Ineffective assistance of trial counsel in failing to object to the Court enhancing his sentence for his role as a "head leader organizer" because the enhancement was not charged in the Indictment and submitted to the jury, nor admitted by him.

---

[4] On appeal, Foreman claimed the district court erred in (1) refusing to sever the charges for conspiracy, bank robbery, carjacking, and use of a firearm from the charges for tampering, retaliation and obstruction of justice, ( 2) instructing the jury he could be held vicariously liable for the substantive acts of his co-conspirators, and (3) failing to grant him a judgment of acquittal for insufficient evidence on each on the counts of conviction (Dkt. # 143).

      (5)      Prosecutorial error in failing to present any type of physical or oral evidence to establish that the Arvest Bank was insured by the FDIC at the time of the robbery, and error in failing to submit this issue as a fact to be determined by the factfinders.

(Dkt. # 149 at 1-5).

As a preliminary matter, the Court finds that because resolution of Foreman's claims requires consideration of matters set forth in the presentence report, the Clerk shall be directed to file the presentence report of record under seal.

## Discussion

Foreman's first four claims raise the issue of ineffective assistance of counsel at the trial and appellate levels. The Sixth Amendment requires that criminal defendants receive effective assistance of counsel both at trial and during a direct appeal as of right. Romero v. Tansy, 46 F.3d 1024, 1029 (10th Cir. 1995) citing Evitts v. Lucey, 469 U.S. 387, 396 (1985). To establish a claim of ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984). A defendant can establish the first prong by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. Review of counsel's performance must be highly deferential. Id. at 689.

To establish the second prong, a defendant must show prejudice resulting from counsel's performance. Strickland, 466 U.S. at 687. That is, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993).

As to Foreman's first claim, he contends attorney Lockhart provided constitutionally ineffective assistance by stipulating that Arvest Bank was insured by the FDIC on the date of the bank robbery, rather than requiring government to prove this fact to establish both subject matter jurisdiction of the Court and one of the essential elements for conviction under 18 U.C.S. § 2113 (a) and (d) (Dkt. # 149 at 1-2).

Although the Court is required to construe a pro se litigant's pleadings liberally, a defendant is not relieved of the burden of alleging sufficient facts on which a recognized legal claim could be based. See, United States v. Scott, 7 F.3d 1046 (10th Cir. 1993) (unpublished) citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court finds that Foreman's first claim is premised entirely on conclusory allegations, or at best speculation, and is therefore legally insufficient. Foreman has failed to present any evidence that the bank he aided in robbing was not insured by the FDIC. Therefore the defendant has failed to provide any colorable showing of a basis for a lack of subject matter jurisdiction or for ineffective assistance of counsel.

Moreover counsel's decision to stipulate that Arvest Bank was insured could be viewed as sound trial strategy because it effectively eliminated the testimony of an Arvest Bank official. "Strategic decisions of trial counsel are ordinarily shielded from charges of ineffectiveness." United States v. Murphy, 156 Fed.Appx. 90, 93 (10th Cir. 2005) (unpublished). "For counsel's advice to rise to the level of constitutional ineffectiveness, the decision to stipulate to the admission of an exhibit must have been completely unreasonable, not merely wrong, so that it bears no relationship to a possible defense strategy." Id.

Further, Foreman fails to meet the prejudice prong of Strickland by failing to show that, but for the stipulation, "the outcome of the proceeding likely would have changed." Miller v. Champion, 161 F.3d 1249, 1256-57 (10th Cir. 1998). If Foreman's counsel had required the government to present evidence showing that Arvest Bank was FDIC insured, the government may have done so. See, e.g. United States v. O'Kane, 185 F.3d 875 (10th Cir. 1999)(unpublished). Foreman can not support a claim of ineffective assistance merely because "counsel did not require the government to go through the motions of proving this seemingly evident element of the crime." Id. Accordingly, Court finds that defendant's first claim of ineffective assistance of counsel is without merit. Based on the Court's finding that the claim lacks merit, the Court further finds that attorney Lockhart was not ineffective as appellate counsel for failing to address this issue on appeal.

As to his second claim, Foreman contends attorney Lockhart was constitutionally ineffective for not objecting that the Superceding Indictment is defective on its face for failing to set forth the subsection under 18 U.S.C. § 2119 that defendant was charged with violating (Dkt. # 149 at 3). Foreman cites Jones v. United States, 526 U.S. 227 (1999) and United States v. Hathaway, 318 F.3d 1001 (10th Cir. 2003), in support of his claim.

The federal carjacking provisions under § 2119, state in relevant part:

Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall–

(1)     be fined under this title or imprisoned not more than 15 years, or both,

(2)     if serious bodily injury . . . results, be fined under this title or imprisoned not more than 25 years or both,

(3)     if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.

As shown, the carjacking statute imposes different punishments depending on the severity of the injuries suffered by the victim of a carjacking. In <u>Jones</u>, the Supreme Court interpreted §2119 as setting forth separate offenses in subsections (2) and (3) rather than a single offense with three available punishments. Subsections (2) and (3) state the distinguishing facts to support the two aggravating offense levels. The holding in <u>Jones</u> requires that for conviction under subsections (2) or (3), the aggravating factors contained in those subsections must be charged in the indictment, proven beyond a reasonable doubt, and included within the essential elements of the offense in the jury instructions. <u>Jones</u>, 526 U.S. at 252. Consistently, the presentence report must state the maximum statutory penalty under § 2119, based on the factors found by the jury through inclusion of those factors in the jury instructions. In <u>Jones,</u> the indictment and the jury instructions did not contain the aggravating factors to support Jones' conviction under § 2119(2), even though the aggravating factors were shown by the evidence at trial. Therefore, the Supreme Court held that Jones could not be sentenced under § 2119(2) to the 25-year statutory maximum term of imprisonment. Rather than invalidating the indictment, the Supreme Court remanded the case for resentencing under § 2119(1), which carries a maximum statutory sentence of 15 years imprisonment. <u>Id</u>. at 252.

The same result is shown by the Tenth Circuit's holding in <u>Hathaway</u>, 318 F.3d at 1010. In <u>Hathaway</u>, the indictment and the jury instructions charged the offense of forcible assault under 18 U.S.C. § 111(a), but the indictment included no factual details as to the defendant's conduct, nor did the jury instructions contain any aggravating factors. The presentence report classified the defendant's conviction as a felony under § 111(a), based on the trial evidence. In relying on <u>Jones</u>, the Tenth Circuit remanded the case for resentencing. The Tenth Circuit held: "Although the

indictment here was insufficient to allege a felony violation of § 111(a), it was sufficient to allege a misdemeanor violation of § 111(a) involving simple assault. Mr. Hathaway does not contend he was not validly convicted of violating §111(a); instead, he argues that in light of the deficient indictment, the district court could only have viewed his conviction as one for the misdemeanor." Id. at 1010. The Tenth Circuit remanded the case directing that "all Mr. Hathaway's records be corrected to reflect his conviction for a misdemeanor violation of § 111(a)." Id.

The Court finds that the holdings in Jones and Hathaway do not invalidate Foreman's conviction under Counts Four and Six of the Superceding Indictment. Counts Four and Six charged Foreman with aiding and abetting the commission of the offense of carjacking "with intent to cause death or serious bodily injury." (Dkt. # 64 at 5 and 7). The jury was instructed that the second element of the offense, for conviction under both Counts Four and Six, required that they find that "while taking the car, a member of the conspiracy intended to cause serious bodily harm." (Dkt.# 109 at 73 and 78). In the presentence report, the Court was advised that the term of imprisonment for Foreman's conviction under Counts Four and Six was a maximum of 15 years, as to each count (Presentence Report, dated May 4, 2003 at 2). In compliance with U.S.S.G § 5G1.2(c), which provides for "grouping" when "Sentencing on Multiple Counts of Conviction," the Court sentenced Foreman to a combined term of 210 months imprisonment as to Counts One, Two, Four, Six and Nine through Sixteen, each to run concurrent with the other (Dkt. #130 at 2). This grouping of counts and ordering each count to run concurrent with the other includes within it the maximum term of imprisonment for conviction on Counts Four and Six for the offense of taking a vehicle "with the intent to cause death or serious bodily harm." The fact that the indictment did not include a citation to subsection (1) of § 2119 is of no legal consequence to the validity of the indictment

9

because Foreman was charged, convicted and sentenced for a basic § 2119 offense, rather than an aggravated offense under subsections (2) or (3).[5] Consequently, the Court finds that attorney Lockhart did not provide constitutionally ineffective assistance in failing to object that the Superceding Indictment was defective on its face for not identifying the subsection within § 2119 which defendant was accused of violating. Based on the Court's finding that Foreman's second claim lacks merit, the Court further finds that attorney Lockhart was not ineffective as appellate counsel for failing to address this issue on appeal.

As to his third claim, Foreman contends counsel was constitutionally ineffective for not objecting to a show of prejudice and a violation of the double jeopardy clause by the Court sentencing Foreman concurrently to a term of imprisonment on the armed robbery offense and on the lesser included offense of robbery (Dkt. # 149 at 4). Although not well articulated, the Court construes Foreman's motion as objecting to the language in Count One of the Superceding Indictment charging him with conspiracy under 18 U.S.C. § 371 to commit armed bank robbery in violation of 18 U.S.C. § 2113 (a) and (d), asserting that he was improperly charged and convicted for both conspiracy to commit robbery, and for conspiracy to commit armed robbery a violation of

---

[5] The Court notes that government misstates the terms of the sentence the Court imposed on Counts Four and Six in its response by saying, "Admittedly, Foreman was sentenced to 210 months imprisonment for aiding and abetting two carjackings, Count 4 and 6, and this term was beyond the statutory maximum of 180 months for each count." (Dkt. 161 at 8). As stated above, the term of 210 months imprisonment was imposed by "grouping" together the total sentenced imposed on Counts One, Two, Four, Six and Nine through Sixteen, as a unit, and by ordering each count to run concurrent with the others. The combined sentence of 210 months is under the maximum statutory sentence for the combined unit, because the maximum statutory sentence for Count Two is 25 years (or 300 months). This sentence is consistent with the"grouping" provision of U.S.S.G §5G1.2(c), which provides: "If the sentence imposed on the count carrying the highest statutory maximum is adequate to achieve the total punishment, then the sentences on all counts shall run concurrently."

the Double Jeopardy Clause. As to Count Two, the presentence report shows only that Foreman was convicted of aiding and abetting armed robbery, which carried a maximum term of 25 years imprisonment. No reference was made to a separate conviction for robbery under § 2119(a).

The Court finds no merit to Foreman's third claim. In Count One, Foreman was charged with conspiracy to rob a bank aggravated by the use of a dangerous weapon. This is a proper charge by the government for an offense under 18 U.S.C. § 2133(a) and (d). The Tenth Circuit has rejected the argument that subsections (a) and (d) each set up a separate offense for which separate penalties are provided. See Mares v. United States, 409 F.2d 1083, 1085-86 (10th Cir. 1968), cert. denied, 394 U.S. 963 (1969). "It is evident that 18 U.S.C. § 2113(d) standing by itself does not charge a crime, without reference back to 18 U.S.C. § 2113(a) or 18 U.S.C. § 2113(b). The plain meaning of section (d) is to charge an aggravation of sections (a) and/or (b)." Id. at 1086.

In the event Foreman is attempting to argue that the Double Jeopardy Clause was violated by his conviction for conspiracy to commit armed robbery and for aiding and abetting the commission of armed robbery, this claim has also been rejected in United States v. Pursley, 474 F.3d 757 (10th Cir. 2007), cert. denied, 128 S.Ct. 47 (2007). In finding there was no double jeopardy violation for prosecution of both offenses, the Tenth Circuit held that conspiracy and aiding and abetting a crime are different criminal acts. Id. at 769. "It is well settled that commission of a substantive offense and a conspiracy to commit it are separate crimes because the essence of a conspiracy charge is an agreement to commit a substantive offense." Id. Having found no merit to Foreman's third claim, the Court further finds counsel was not ineffective in failing to raise this claim before the Court or on appeal. Further, Foreman has failed to plead facts to establish the Court exhibited prejudice toward him in the sentence imposed as to Count Two.

As a fourth claim, Foreman contends that his attorney provided ineffective assistance in failing to argue that the decisions by the Supreme Court in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), render his sentence invalid because the issue of whether he was a leader and organizer of the bank robbery conspiracy was a factual issue which should have been submitted to a jury. (Dkts. #149 at 4 and 162 at 3).

The Court finds no merit in Foreman's fourth argument. First, the two-level enhancement to Foreman's base offense level did not cause his sentence to exceed the statutory maximum sentence of conviction, which is the requisite showing for a violation of the rule announced in <u>Apprendi.</u> <u>See</u>, <u>e.g.</u> <u>United States v. Stover</u>, 57 Fed. Appx. 351, 353 (10th Cir. 2002) (unpublished) (<u>Apprendi</u> ruling did not apply to sentencing factors that increased defendant's sentencing range but did not increase the statutory maximum). Counts Three, Five and Seven each carry a statutory maximum sentence of life imprisonment. (Presentence report dated May 22, 2003, at 22). Foreman was sentenced to 894 months imprisonment, which is less than the statutory maximum of life for those counts, even with the inclusion of the two-level enhancement. Therefore, Foreman's sentence does not violate <u>Apprendi</u>.

Second, Foreman's sentence does not violate <u>Blakely</u>. Foreman's conviction became final before issuance of <u>Blakely</u>. The Tenth Circuit has held that the rule of law announced in <u>Blakely</u> does not apply retroactively to collateral proceedings in federal court. <u>See</u> <u>United States v. Herrera</u>, 216 Fed.Appx. 809 (10th Cir. 2007) (unpublished); <u>United States v. Price</u>, 400 F.3d 844, 849 (10th Cir. 2005) (holding that <u>Blakely</u> does not apply retroactively to convictions that were already final at the time <u>Blakely</u> issued). Thus, counsel's failure to object to Foreman's sentence being enhanced under §3B1.1 does not render counsel constitutionally ineffective.

As his final argument, Foreman claims prosecutorial error in failing to present any type of physical or oral evidence to establish that the Arvest Bank was insured by the FDIC at the time of the robbery, and error in failing to submit this issue as a fact to be determined by the jury. In his reply pleading, with the benefit of government's response, Foreman attempts to amend his claim by framing it as a claim of ineffective assistance of counsel. In its response, the government raises the procedural bar as to Foreman's final argument. The government correctly states that a § 2255 motion is not available to test the legality of matters which should have been raised on direct appeal. See, United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992). A failure to raise an issue on direct appeal thus acts as a bar to raising the issue in a § 2255 motion unless the defendant can show cause and actual prejudice or that a fundamental miscarriage of justice will result if his claim is not addressed. See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). This procedural bar applies to collateral attacks on a defendant's sentence, as well as his conviction. Id. Since the government raised this procedural bar in the instant case, the Court must enforce it and hold Foreman's claim is barred unless cause and prejudice or a fundamental miscarriage of justice is shown. Id.

The Court finds that Foreman has not shown cause for the omission of this claim on direct appeal or that a fundamental miscarriage of justice will result should the Court bar his claim of prosecutorial misconduct in entering into a stipulation with counsel that the Arvest Bank was insured by the FDIC at the time of the armed robbery. For the reasons specifically set forth above, a claim of prosecutorial misconduct is clearly frivolous since the government could have readily offered evidence of this fact absent counsel's willingness to enter into the stipulation. Foreman's claim to the contrary is merely conclusory, without any evidentiary foundation. Therefore, Foreman's

attorney did not provide ineffective assistance in failing to raise a frivolous claim and Foreman has failed to demonstrate "cause" for defaulting this claim on direct appeal. In addition, Foreman does not fall within the fundamental miscarriage of justice exception because he does not claim to be actually innocent of the crimes for which he was convicted. Murray v. Carrier, 477 U.S. 478, 496 (1986). Accordingly, the Court rejects Foreman's final claim as procedurally barred.

## Conclusion

The Court finds that defendant Foreman has failed to show that the sentence imposed by this Court is unconstitutional requiring it to be vacated, set aside or corrected. Section 2255 provides that the district court shall conduct a hearing unless the motion and records conclusively show that defendant is entitled to no relief. In this case, the Court concludes that the record conclusively shows that defendant Foreman is entitled to no relief, and a hearing is unnecessary.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. The Clerk shall file the presentence report of record under seal.
2. Defendant's motion to time-bar the government's response (Dkt. # 163) is **denied**.
3. Defendant's motion to vacate, set aside, or correct sentence by a person in federal custody (Dkt. # 149) is **denied**.

**DATED THIS** 23rd day of September, 2008.

_____
TERENCE KERN