# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 02-CR-135-TCK |
| TIM FOREMAN, | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is Defendant's letter dated August 4, 2014, which the Court has construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 191). By Order dated September 23, 2008 (Doc. 168), this Court previously denied Defendant's first 28 U.S.C. § 2255 motion, and the Tenth Circuit denied his request for a certificate of appealability (Doc. 179). Therefore, Defendant's current motion is an unauthorized second or successive habeas petition. *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) ("Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district court to consider the motion."). When faced with unauthorized second or successive habeas petitions, a district court has discretion to transfer the claims to the Tenth Circuit for authorization pursuant to 28 U.S.C. § 1631 or dismiss them without prejudice. *Id.* at 1252. Factors to consider are "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *Id.* at 1251.

The Court declines to transfer to the Tenth Circuit because none of Defendant's arguments are likely to warrant authorization under 28 U.S.C. §§ 2255(h)(1) (newly discovered evidence) or (2) (new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court). Defendant has not raised any newly discovered evidence or a new rule of constitutional law. Defendant relies upon the case of *Rosemond v. United States*, 134 S.Ct. 1240, 1249 (2014), which held that, in order to aid and abet a section 924(c) offense, a defendant must have advance knowledge that a firearm will be used or carried. However, this decision does not represent a new rule of constitutional law. *See Martinez v. United States*, 2014 WL 3361748, at *2 (N.D. Tex. July 9, 2014) ("[T]he Supreme Court was clear that its *Rosemond* holding was dictated by established precedent.") (rejecting argument that *Rosemond* created new rule of law that would authorize filing a first § 2255 motion outside the one-year limitations period). Therefore, Defendant's *Rosemond* argument is not likely to result in authorization by the Tenth Circuit Court of Appeals under § 2255(h)(2).

Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 191) is DISMISSED as an unauthorized second or successive habeas petition.[1]

**DATED THIS 5th day of September, 2014.**

**TERENCE KERN**
**United States District Judge**

---

[1] Prior to entry of this Order, Defendant sent a second letter (Doc. 193), stating that his motion was merely a "pleading for mercy" and not a second habeas petition. However, the motion requests a reduction of sentence based on decisional law and must be construed as a second habeas petition. To the extent Defendant desires a reduction in sentence based on his age and good behavior, he must seek such a modification from the Director of the Bureau of Prisons, who then determines whether to file a motion with the Court. *See* 18 U.S.C. § 3582(c)(1)(A).